IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABHINAV SINGH,<br>A# XXX-XXX-568,<br>Petitioner, | §<br>§<br>§<br>§ | |
| v. | § | No. 3:26-CV-3149-O |
| WARDEN, PRAIRIELAND DETENTION CENTER,<br>Respondent. | §<br>§<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received from Petitioner Abhinav Singh on September 17, 2026. Doc. 3. Based on a careful review of the filings and applicable law, the Court **DENIES** the petition and **DISMISSES WITHOUT PREJUDICE** this action.

## I. BACKGROUND

Singh, a native and citizen of India detained at Prairieland Detention Center ("PDC") in Alvarado, Texas, filed a habeas corpus petition under 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). *See id.* He names the warden of PDC as the Respondent. *See id.* at 1.[1]

Singh states that he was detained by ICE on June 25, 2026 and that he is subject to an order of removal dated July 22, 2026. *See id.* at 4, 6, 18-21. He appealed the order of removal to the Board of Immigration Appeals ("BIA") on August 12, 2026, and that appeal remains pending. *See id.* at 5. Available online records of the Executive Office for Immigration Review ("EOIR"), of which the Court takes judicial notice, confirm the dates and events identified by Singh. *See* EOIR,

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Automated Case Information, https://acis.eoir.justice.gov/en/ (last visited Nov. 17, 2026). Singh subsequently filed this § 2241 action alleging the following grounds for relief:

> (1) Prolonged detention without bond hearing violates the due process clause of the 5th Amendment rights of the United States Constitution; and
>
> (2) Violation of the due process clause of the Fifth Amendment to the U.S[.] Constitution and no significant likelihood of removal in the reasonably foreseeable future.

*Id.* at 6 (capitalization altered). He seeks a bond hearing or full release from immigration detention. *See id.* at 7.

## II. ANALYSIS

A petitioner under § 2241 may obtain habeas relief if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This exceptional relief "is the precious safeguard of personal liberty and there is no higher duty than to maintain it unimpaired." *Bowen v. Johnston*, 306 U.S. 19, 26 (1939). The petitioner has the burden to demonstrate that a constitutional violation has occurred. *Lockett v. Anderson*, 230 F.3d 695, 707 (5th Cir. 2000). Here, Singh contends that his alleged prolonged detention violates the due process clause of the Fifth Amendment because: (1) he has not received a bond hearing; and (2) there is "no significant likelihood of removal in the reasonably foreseeable future." Doc. 3 at 6 (capitalization altered).

An immigration judge found that Singh was an inadmissible alien under § 212(a)(6)(A)(i) of the Immigration and Nationality Act, which provision is codified at 8 U.S.C. § 1182(a)(6)(A)(i). *See id.* at 18; 8 U.S.C. § 1182(a)(6)(A)(i) ("An alien present in the United States without being admitted or paroled, or who arrives in the United States. . ., is inadmissible."). As "[a]n alien present in the United States who has not been admitted or who arrives in the United States," Singh appears to be an applicant for admission under 8 U.S.C. § 1225(a)(1) and is therefore subject to

mandatory detention under § 1225(b)(2)(A). 8 U.S.C. § 1225(a)(1); *see also* 8 U.S.C. § 1225(b)(2)(A); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (holding that § 1225(b)(2)(A) "unambiguously provides for mandatory detention"). The Fifth Circuit has recently held that such mandatory detention under § 1225(b)(2)(A) without a bond hearing does not violate procedural or substantive due process "[s]o long as an alien's detention pending removal has a definite termination point—removal or release." *Rodriguez v. Vergara*, --- F.4th ---, No. 26-50183, 2026 WL 3181188, at *13 (5th Cir. Oct. 23, 2026) (cleaned up). Singh has been ordered removed from the United States and consequently has not shown that his ongoing removal proceedings lack a definite termination point. *See id.* Accordingly, Singh's challenges to his current immigration detention under the due process clause of the Fifth Amendment fail, and he is not entitled to habeas relief under § 2241.[2]

## III. CONCLUSION

For the foregoing reasons, Singh's *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on September 17, 2026 (Doc. 3), is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** on this 17th day of November, 2026.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

[2] As the Court has noted, Singh alleges in his second ground that "there is no significant likelihood of removal in the reasonably foreseeable future." Dkt. No. 3 at 6. To the extent his allegations that can be liberally construed to implicate and seek relief from prolonged detention pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), any such claim is premature because Singh is not yet subject to an administratively final order of removal by virtue of his pending BIA appeal. *See* 8 U.S.C. § 1101(a)(47)(B); *Lopez Acosta v. Rosen*, 832 F. App'x 891, 891 (5th Cir. 2021); *Pambukhchyan v. U.S. Immigr. & Customs Enf't*, No. 26-0136, 2026 WL 980250 (W.D. La. Mar. 23, 2026), *rec. adopted*, 2026 WL 978973 (W.D. La. Apr. 10, 2026).